IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Renee Sankey,<br>            Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK, INC. and NOVO NORDISK A/S,<br>            Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 25-6982 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

    1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s):  __Renee J. Sankey_____.

    2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

    3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

    4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

    5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        __x__ Novo Nordisk Inc.

        __x__ Novo Nordisk A/S

        _____ Eli Lilly and Company

        _____ Lilly USA, LLC

        _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   _Pickerington, Ohio_

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   _Ohio_

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   _Ohio_

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   _Pickerington, Ohio_

10. Jurisdiction is based on:

    __x__  diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____  other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    _The United States District Court for the Southern District of Ohio_

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __x__  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

  Delaware (Novo Nordisk Inc.); Denmark (Novo Nordisk A/S) _____

## **PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    \_\_\_\_\_ Ozempic (semaglutide)

    \_\_X\_ Wegovy (semaglutide)

    \_\_\_\_\_ Rybelsus (oral semaglutide)

    \_\_\_\_\_ Victoza (liraglutide)

    \_\_\_\_\_ Saxenda (liraglutide)

    \_\_\_\_\_ Trulicity (dulaglutide)

    \_\_\_\_ Mounjaro (tirzepatide)

    \_\_\_\_\_ Zepbound (tirzepatide)

    \_\_\_\_\_ Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    _February 2023 to December 2023_

## **INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

__x__ Additional/Other(s) (specify): _deep vein thrombosis (DVT)_____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    December 2023_____

    _____

    _____

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X___ Injury to self

_____ Injury to person represented

__x_ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

\_\_\_\_\_ Count I:	Failure to Warn – Negligence

\_\_\_\_\_ Count II:	Failure to Warn – Strict Liability

\_\_\_\_\_ Count III:	Breach of Express Warranty/Failure to Conform to Representations

\_\_\_\_\_ Count IV:	Breach of Implied Warranty

\_\_\_\_\_ Count V:	Fraudulent Concealment/Fraud by Omission

\_\_\_\_\_ Count VI:	Fraudulent/Intentional Misrepresentation

\_\_\_\_\_ Count VII:	Negligent Misrepresentation/Marketing

\_\_\_\_\_ Count VIII:	Strict Product Liability Misrepresentation/Marketing

\_\_\_\_\_ Count IX:	Innocent Misrepresentation/Marketing

\_\_\_\_\_ Count X:	Unfair Trade Practices/Consumer Protection (see below)

\_\_x\_\_ Count XI:	Negligence

\_\_x\_\_ Count XII:	Negligent Undertaking

\_\_x\_\_ Count XIII:	State Product Liability Act (see below)

\_\_\_\_\_ Count XIV:	Wrongful Death

\_\_\_\_\_ Count XV:	Loss of Consortium

\_\_\_\_\_ Count XVI:	Survival Action

\_\_\_\_\_ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.  If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

_____

    b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

_____

_____

_____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       Ohio Rev. Code Ann. §§ 2307.71, 2307.72(A) & (B); 2307.73-79

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

       Counts I through IX

    c. Identify the factual allegations supporting those claims:

       Plaintiff incorporates by reference the following factual allegations in the Master Complaint as though fully set forth herein: ¶¶ 606-640 (negligent failure to warn); ¶¶ 641-674 (strict liability failure to warn); ¶¶ 675-698 (breach of express warranty); ¶¶ 699-720 (breach of implied warranty); ¶¶ 721-779 (fraudulent concealment/fraud by omission); ¶¶ 780-800 (fraudulent/intentional misrepresentation); ¶¶ 801-824 (negligent misrepresentation/marketing); ¶¶ 825-848 (strict product liability misrepresentation/marketing); and ¶ 849 (innocent Plaintiff also alleges that Defendants knew or should have known of the unreasonable and increased risk of the injury(s) alleged herein and otherwise failed to warn Plaintiff and/or Plaintiff's healthcare providers. Plaintiff alleges that Defendants

10

<u>fraudulently concealed and misrepresented the unreasonable and increased risk of the injury(s) alleged herein. Plaintiff alleges that Defendants directly and proximately caused Plaintiff's injury(s).Defendants designed, manufactured, and sold the Mounjaro at issue. When the Mounjaro left Defendant's control, it contained defects in design, formulation, and/or warnings that made it unreasonably dangerous for its intended use. Defendants failed to provide adequate warnings or instructions about known or reasonably knowable risks associated with the Mounjaro. Plaintiff took the Mounjaro as prescribed and in the intended manner. As a direct result of the Mounjaro's defective condition and inadequate warnings, Plaintiff suffered serious injuries and damages, including deep vein thrombosis (DVT). A safer alternative design and adequate warnings were feasible and would have prevented or reduced Plaintiff's harm</u>

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:   December 11, 2025

RESPECTFULLY SUBMITTED,

*/s/ Sarah S. Ruane*
Sarah S. Ruane (*Admitted Pro Hac Vice*)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Ste 300
Kansas City, MO 64112
Tel: 816-701-1100
Fax: 816-531-2372
sruane@wcllp.com

Bradley D. Honnold (*Admitted Pro Hac Vice*)
GOZA & HONNOLD, LLC
9500 Nall Ave., Ste. 400
Overland Park, KS 66207
Tel: (913) 451-3433
Fax: (913) 839-0567
bhonnold@gohonlaw.com

**Attorneys for Plaintiff**